UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN N., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C21-1355-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1983.[1] Plaintiff has at least a high school education and previously worked as a welder and dye cutter. AR 22. Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on June 4,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

2019, alleging disability beginning October 1, 2017. AR 15. The applications were denied at the initial level and on reconsideration. On January 11, 2021, the ALJ held a telephone hearing and took testimony from Plaintiff and a vocational expert (VE). AR 31–61. On February 26, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 15–24. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on July 22, 2021 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 17.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: minimal degenerative disc disease of the thoracic spine; degenerative disc disease of the cervical spine; bilateral hearing loss; migraine; somatic dysfunction of the cervical spine; dependent personality disorder; major depressive disorder, and generalized anxiety disorder. AR 17.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 18–19.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> [H]e can occasionally balance, stoop, kneel, crouch, and crawl. He can occasionally climb ramps and stairs, but he can never climb ladders, ropes or scaffolds. He can tolerate moderate noise intensity level per SCO. He cannot perform assembly line work. He cannot be exposed to extreme cold. He can tolerate no more than occasional pulmonary irritants, such as fumes, odors, dust, gases, and poorly ventilated areas. He cannot be exposed to moving mechanical parts or unprotected heights. He can perform simple tasks that can be learned in thirty days. He cannot perform job duties that require hourly quotas or conveyor belts. He can tolerate occasional simple workplace changes.

AR 19. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 22.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national

economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as a cleaner/housekeeping, routing clerk, and marker. AR 23–24.

Plaintiff raises the following issues on appeal: (1) Whether the ALJ erred in his analysis of Plaintiff's symptom testimony; (2) whether the ALJ erred in evaluating the medical opinion evidence; (3) whether the ALJ erred in determining that Plaintiff's mental health impairments did not meet the appropriate medical listings of 12.04 and 12.06 at step three; and (4) whether, the ALJ erred in evaluating the RFC and failed to comply with SSR 96-8p. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings.[2] The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Subjective Testimony**

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony.[3] *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical

---

[2] Plaintiff identifies the issues on appeal in a different order than described by the Court. However, to promote clarity, the Court reviews the ALJ's evaluation of the evidence of record before reviewing whether the ALJ erred at steps four and five.

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 4

evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that he cannot work because physical activity aggravates his neck and back pain and that he has weekly migraine headaches, problems with repetitive lifting, long stair climbing, and left ear deafness. AR 246. Plaintiff alleges that his impairments further affect his ability to bend, stand, reach, sit, kneel, hear, remember, complete tasks, concentrate, understand, follow instructions, and use his hands. AR 251. At the hearing, Plaintiff testified that repetitive motions, such as vacuuming and bending over, cause him neck pain, that he can walk for 30 minutes continuously until his spine starts to hurt, and that he is able to sit in a car for 20 minutes, but longer trips cause him neck, shoulder, and lower back pain. AR 39, 45–46. Plaintiff further testified that he struggles to remember "very complicated" things and that his fatigue and pain make it hard for him to complete a regular workday and workweek. AR 50.

Plaintiff argues that the ALJ improperly discounted Plaintiff's symptom testimony based on physical examination notes indicating normal findings. Dkt. 13, at 11. An ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle*., 533 F.3d at 1161. The ALJ found that, although Plaintiff's medical records showed that Plaintiff exhibited mildly decreased range of motion and tenderness of the cervical spine and trapezius muscles, Plaintiff's physical examination notes often showed that Plaintiff maintained full strength and had normal head and neurological findings, normal sensory and motor function, and normal gait and station. AR 20. Plaintiff argues that other evidence in the record supports Plaintiff's symptom testimony, including evidence that Plaintiff received facet injections for his cervical neck pain; that Plaintiff's provider noted that Plaintiff had "mechanical neck pain worse with provocative facet maneuvers" and pain stemming from "overworked muscle" related to janitorial work, bending, and pushing; and that other exam notes identified limited range of motion

ORDER
PAGE - 5

in Plaintiff's back and neck, tight and tender lumbar muscles, and headaches. Dkt. 13, at 11–13 (citing AR 991–92). The evidence cited by Plaintiff, however, does not show error in the ALJ's evaluation of Plaintiff's testimony and the medical evidence of record. Rather, Plaintiff offers a different interpretation of the medical record, and the ALJ's equally rational interpretation is not properly disturbed. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) ("[W]hen evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld."); *see also Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). Therefore, Plaintiff has not shown that the ALJ erred by finding Plaintiff's symptom testimony inconsistent with medical records showing normal physical examination findings.

Plaintiff further argues that the ALJ failed to identify "any activities that contradicted Plaintiff's allegations." Dkt. 13, at 13. An ALJ may discount testimony where it is inconsistent with evidence of a claimant's daily activities. *Ahearn v. Saul*, 988 F.3d 1111, 1116–17 (9th Cir. 2021). Plaintiff alleges that his physical and mental impairments affect his ability to perform physical and manipulative activities, complete tasks, concentrate, follow directions, and understand and remember information. AR 251. Based on Plaintiff testimony at the hearing and Plaintiff's function report, the ALJ found that Plaintiff's "cognitive and communicative abilities were intact despite his subjective allegations." AR 21. Plaintiff reported that he buys and prepares his own food; does his own laundry; has no problems dealing with supervisors or taking criticism; socializes with friends weekly; watches television and internet videos; plays video games and sports once a week; vacuums, takes out the garbage, and mows the lawn about twice a week for

ORDER
PAGE - 6

30 minutes to two hours; attends church, goes shopping, and runs errands weekly "to be around people"; and can follow written instructions "very well" as well as simple spoken instructions.. AR 46–49, 248–51. Therefore, the ALJ's finding has the support of substantial evidence, and the ALJ did not err in discounting Plaintiff's symptom testimony by finding it inconsistent with Plaintiff's daily physical activities. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling pain." (emphasis in original)); *see also Morgan*, 169 F.3d at 600 (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work).

**2. Medical Opinions**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id.* at §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2). Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. <u>Dr. John D. Gilbert, Ph.D. and Renee Eisenhauer, Ph.D.</u>

Dr. Gilbert and Dr. Eisenhauer assessed Plaintiff with no significant limitation to moderate

ORDER
PAGE - 7

limitation in areas of mental functioning. AR 73–75, 90–92, 109–11, 128–30. Dr. Gilbert opined that Plaintiff is able to understand, remember, and carry out simple instructions; maintain attention for two-hour segments during an eight-hour day; maintain regular attendance and complete a normal 40-hour workweek; and work in a predictable work setting with routine work changes. AR 74, 90–91. Dr. Eisenhauer further opined that Plaintiff "may experience some vacillations in ability to concentrate and the pace of work may vary accordingly," but that Plaintiff can persist in completing simple work tasks within a 40-hour work week within customary employer tolerances. AR 110, 129.

Plaintiff argues that the ALJ failed to explain why he gave preferential treatment to the opinions of Dr. Gilbert and Dr. Eisenhauer over the conflicting opinion of Plaintiff's treating provider, Dr. Elizabeth Schnippel. Dkt. 13, at 14. Under the regulations, the ALJ must explain how he considered the supportability and consistency factors for a medical source's medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, the ALJ is no longer required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," including those of treating and examining physicians. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ found that Drs. Gilbert and Eisenhauer supported their opinions by noting that, although Plaintiff "exhibited impaired memory, limited fund of knowledge, poor insight, and concrete thought process," Plaintiff also was not receiving mental health treatment, and that the consultative examiner commented that Plaintiff "was resigned to be disabled." AR 21. The ALJ further noted that, while there was some evidence of impaired memory and a history of special education, Plaintiff was able to complete a multi-step task and he exhibited normal concentration and normal memory overall. AR 21 (citing AR 961, 995, 1245, 1288). Plaintiff does not cite any evidence in the record that shows error in the ALJ's interpretation of the

medical evidence. *See Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("[A]t all times, the burden is on the claimant to establish her entitlement to disability insurance benefits."). Therefore, the ALJ properly evaluated the opinions of Dr. Gilbert and Dr. Eisenhauer according to the agency regulations.

     B.  <u>Dr. Elizabeth M. Schnippel, M.D.</u>

Dr. Schnippel completed a physical functional evaluation for Plaintiff dated April 17, 2018. AR 829–31. Based on Plaintiff's diagnoses of cervicalgia, thoracic back pain, and fatigue, Dr. Schnippel opined that Plaintiff was severely limited in his ability to look down, bend over, and pick things up and that any active movement causes fatigue and pain within one hour. AR 830. The doctor further opined that Plaintiff would be moderately limited and that "the time of the migraines is dependent on the activity." AR 830. Dr. Schnippel opined that Plaintiff would be limited to sedentary work and that this limitation would persist with available medical treatment for nine months. AR 831.

Plaintiff argues that the ALJ improperly discounted Dr. Schnippel's opinion by finding that the doctor's sedentary limitation was temporary. Dkt. 13, at 15. The Social Security regulations define "disability" as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months"). 20 C.F.R. §§ 404.1505(a), 416.905(a). Accordingly, temporary limitations are insufficient to meet the durational requirement for a finding of disability. Here, the ALJ found that, although Dr. Schnippel's opinion was generally supported by her treatment notes at the time her opinion was given, the doctor limited Plaintiff to sedentary work for only nine months in duration and that her opinion was intended to be temporary. AR 22. Therefore, the ALJ's finding has the support of substantial evidence, and the ALJ reasonably found

the doctor's limitations to be temporary in nature.

Plaintiff further argues that the ALJ improperly discounted Dr. Schnippel's opinion by finding it inconsistent with the medical evidence of record. Dkt. 13, at 15. An ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle*, 533 F.3d at 1161. Here, the ALJ found that Dr. Schnippel's opinion was inconsistent with medical evidence showing Plaintiff's condition improved with therapy and that the doctor's recent treatment notes showed relatively mild findings. AR 22. In July 2019, Plaintiff's providers noted that Plaintiff's overall symptoms decreased and that Plaintiff's postural and core stability, walking tolerance, and lifting tolerance improved with treatment. AR 641–42. Plaintiff similarly reported in August 2019 that his symptoms were decreasing with physical therapy. AR 645. Therefore, the ALJ's findings have the support of substantial evidence, and the ALJ reasonably found Dr. Shnippel's April 2018 opinion inconsistent with the medical evidence of record. Plaintiff offers an alternative interpretation of the medical record and evidence; however, the ALJ's equally rational interpretation is not properly disturbed. *See Morgan*, 169 F.3d at 601.

As described above, Plaintiff has not shown that the ALJ erred when evaluating Plaintiff's symptom testimony. Therefore, the ALJ was not required to include limitations from Plaintiff's subjective testimony in the RFC or the VE hypothetical. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691–92 (9th Cir. 2009) (limitations from properly discounted evidence does not need to be included in the RFC or the VE hypothetical); *Bayliss*, 427 F.3d at 1217–18.

C. <u>Dr. J.D. Fitterer, M.D., and Dr. Drew Stevick, M.D.</u>

Drs. Fitterer and Stevick assessed Plaintiff with limitations consistent with light work. AR 71–72, 88–90, 107–09, 126–28. The doctors further opined that Plaintiff could occasionally climb ladders and crawl due to Plaintiff's ongoing back and neck pain and limited range of motion.

ORDER
PAGE - 10

AR 72, 89, 107, 127. Additionally, the doctors opined that Plaintiff should avoid fumes, odors, dust, gasses, and poor ventilation due to migraines. AR 73, 90, 109, 128.

Plaintiff argues that the ALJ improperly evaluated Dr. Fitterer and Dr. Stevick's opinions by only citing instances of normal exams and by stating generally that the doctors' opinions were consistent with the medical evidence. Dkt. 13, at 15–16. The ALJ found that Dr. Fitterer and Dr. Stevick supported their opinions by "not[ing] the claimant's painful limited range of motion of his neck and back, hearing loss in his left ear, and migraine headaches" and also by noting that Plaintiff "maintained full strength and normal sensory and motor function." AR 22. The ALJ further found that the doctors' opinions were consistent with diagnostic imaging showing moderate findings and physical examinations showing that Plaintiff maintained good strength and normal neurological function. AR 22. Plaintiff does not cite any evidence in the record that shows error in the ALJ's evaluation of Dr. Fitterer and Dr. Stevick's opinions. *See Tidwell v*, 161 F.3d at 601 ("[A]t all times, the burden is on the claimant to establish her entitlement to disability insurance benefits."). Therefore, the ALJ properly evaluated the opinions of Dr. Fitterer and Dr. Stevick according to the agency regulations, and the ALJ's findings have the support of substantial evidence.

D. <u>Dr. W. Douglas Uhl, Psy.D.</u>

Dr. Uhl completed a psychological/psychiatric evaluation for Plaintiff dated May 15, 2019. AR 526–30. Dr. Uhl assessed Plaintiff with moderate limitation in his ability to make simple work-related decisions, marked limited in his ability to learn new tasks, severe limitation in his ability to be aware of normal hazards and take appropriate precautions, and no limitation in all other areas of mental functioning. AR 527–28.

Plaintiff argues that the ALJ failed to provide a discussion of what evidence was inconsistent with Dr. Uhl's opinion. Dkt. 13, at 16. The ALJ found that Dr. Uhl's opinion was

inconsistent with other mental status findings in the record showing that Plaintiff's "cognitive and communicative abilities were intact overall." AR 22 (citing AR 961, 995, 1245, 1288). Plaintiff does not cite any evidence in the record that shows that the ALJ erred in evaluating Dr. Uhl's opinion. *See Tidwell v*, 161 F.3d at 601 ("[A]t all times, the burden is on the claimant to establish her entitlement to disability insurance benefits."). Therefore, the ALJ properly evaluated Dr. Uhl's opinion according to the agency regulations, and the ALJ's findings have the support of substantial evidence.

### E. Evidence of Hearing Loss.

Plaintiff argues that the ALJ failed to "provide specific and legitimate reasons for discounting the audiology findings regarding plaintiff's hearing loss" and improperly interpreted the medical evidence when accounting for Plaintiff's hearing limitations in the RFC. Dkt. 13, at 6, 17. "The ALJ is required to consider all of the limitations imposed by claimant's impairments, even those that are not severe." *Carmickle*, 533 F.3d at 1164. Additionally, "[t]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Although the ALJ found Plaintiff's bilateral hearing loss impairment to be severe at step two, the ALJ found that Plaintiff "maintained normal voice quality and normal ability to communicate" and limited Plaintiff "to work environments with moderate noise levels." AR 21. Evidence that Plaintiff maintained normal voice quality and normal ability to communicate, however, does not reasonably show that Plaintiff is able to sustain work despite his bilateral hearing loss under the circumstances of this case. Further, there is no evidence in the record to support the ALJ's RFC limitation that Plaintiff would be able to function in a working environment limited to "moderate noise levels." Rather, Plaintiff's medical records identify that Plaintiff has a dead ear on the left with no sound response, that

Plaintiff's right ear has "mild to severe mixed loss" with hearing that is "*worse* at mid frequencies," and that Plaintiff could hear speech in his right ear with "excellent understanding *in quiet*." AR 357, 359 (emphases added). Plaintiff's provider recommended that Plaintiff avoid loud noises or wear appropriate hearing protective gear. AR 357. Further, Plaintiff testified at the hearing that his previous employers made accommodations for his hearing loss by coming up to him when he could not hear them, tapping him on the shoulder, or knowing that Plaintiff cannot hear them when there is other noise around. AR 55–56. The ALJ's RFC does not reasonably account for these limitations. Further, the ALJ did not pose a hypothetical to the VE, and the VE did not testify, whether an individual would be able to perform the jobs identified at step five with complete hearing loss in the left ear and mild to severe hearing loss in the right ear.

For these reasons, the Court finds that the ALJ erred in evaluating the evidence related to Plaintiff's hearing impairment. This error is harmful because it resulted in step four and step five findings that do not adequately account for Plaintiff's hearing loss limitations. On remand, the ALJ should reevaluate his step four and step findings and properly address the vocational impact of Plaintiff's hearing loss.

**3. Step Three**

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. A mere diagnosis does not suffice to establish disability; rather, an impairment "'must also have the findings shown in the Listing of that impairment.'" *Key v. Heckler*, 754 F.2d 1545, 1549–50 (9th Cir. 1985) (quoting 20 C.F.R, § 404.1525(d)). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings

'at least equal in severity and duration' to the characteristics of a relevant listed impairment . . . ." *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999) (quoting 20 C.F.R. § 416.1526); *see also Sullivan*, 493 U.S. at 531 (to establish equivalency, the claimant "must present medical findings equal in severity to *all* the criteria" for the listing (emphasis in original)). Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Plaintiff argues that the ALJ failed to consider Plaintiff's severe generalized anxiety and major depressive disorder impairments and that the ALJ "did not explain how these impairment[s] did or did not meet the appropriate medical listing of 12.04 and 12.06 respectively." Dkt. 13, at 5. The ALJ found Plaintiff's generalized anxiety and major depressive disorder impairments to be severe at step two. AR 17. In order to meet the paragraph "B" criteria of both listing 12.04 (depressive disorders) and 12.06 (anxiety disorders) at step three, Plaintiff's mental disorders must result in "extreme" limitation of one, or "marked" limitation of two, of the following areas of mental functioning: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04(b), 12.06(b). At step three, the ALJ found that Plaintiff had mild to moderate limitations in these areas. Specifically, the ALJ found that "recent mental status examination findings of record indicated his immediate, recent and remote memory were intact," that Plaintiff's treatment providers "noted he was cooperative, pleasant and interactive, and he maintained good eye contact," that Plaintiff's "attention, concentration, and though process were intact," and that Plaintiff "reported he is able to take care of his personal hygiene, dress himself, prepare simple meals, perform some household chores, shop, and manage his personal finances." AR 18–19.

Although the ALJ did not specifically identify listings 12.04 and 12.06 at step three, the ALJ nevertheless properly considered the paragraph B criteria in listings 12.04 and 12.06 in the

ORDER
PAGE - 14

ALJ's step three analysis. *See Magallenes,* 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."); *see also Molina*, 674 F.3d at 1121 ("Even when an agency 'explains its decision with "less than ideal clarity," we must uphold it 'if the agency's path may reasonably be discerned.'" (internal citations omitted)). Therefore, Plaintiff has not shown that the ALJ erred in assessing whether Plaintiff met the criteria of a listed mental impairment at step three.

### 4. RFC

At step four, the ALJ must identify the claimant's functional limitations or restrictions and assess her work-related abilities on a function-by-function basis. *See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. The RFC is the most a claimant can do considering his limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of the claimant's impairments, including those that are not severe, in assessing the RFC. 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p.

Plaintiff argues that the ALJ's RFC does not comply with requirements of SSR 96-8p because it fails to specify Plaintiff's sit, stand, and walk limitations or account for time off-task and absences. Dkt. 13, at 4. SSR 96-8p requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis," including the claimant's physical, mental, and other limitations. SSR 96-8p; *see also* 20 C.F.R. §§ 404.1545, 416.945. Here, the ALJ considered Plaintiff's physical, mental, and other limitations and determined that Plaintiff remained capable of performing light work, which the regulations define as requiring "a good deal of walking or standing" and "involv[ing] sitting most of the time." 20 C.F.R. §§ 404.1567(b), 416.967(b). Although the ALJ did not provide additional sit, stand, or walk limitations in the RFC beyond those identified in the regulatory definition of

"light work," it is reasonably clear that the ALJ considered Plaintiff's sit, stand, and walk limitations when determining that Plaintiff remained capable of performing light work. Therefore, Plaintiff has not shown that the ALJ erred in evaluating Plaintiff's sit, stand, and walk limitations when assessing the RFC.

However, as described above, the ALJ improperly evaluated the medical evidence related to Plaintiff's hearing loss, and, therefore, the ALJ's steps four and five findings lack the support of substantial evidence. On remand, the ALJ should reconsider the vocational impact of Plaintiff's hearing loss and reevaluate Plaintiff's step four and step five findings as warranted by further consideration of the evidence.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative procedures.

DATED this 15th day of August, 2022.

MARY ALICE THEILER
United States Magistrate Judge